IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


UNITED STATES OF AMERICA,

                Plaintiff,


      v.                                  CR-1-02-77


RICARDO LEE,

                Defendant.

SUPERVISED RELEASE VIOLATION
SENTENCING MEMORANDUM AND JUDGMENT
ORDER

The defendant was sentenced on September 26, 2002 for a violation of Title 18, Sections 922(g)(1) and 924(a)(2) of the United States Code.  The defendant was committed to the custody of the Bureau of Prisons for      **EIGHTEEN (18) MONTHS**  and, following incarceration a term of Supervised Release of **THREE (3) YEARS** with the special conditions of participation in substance abuse testing and treatment and mental health treatment at the direction of the Probation Office, and payment of a fine in the amount of $500.00.  Additionally, he was ordered to comply with the standard terms and conditions of Supervised Release and pay a special assessment of $100.00.

A Petition for Warrant or Summons for Offender Under Supervision was filed in this Court and a Warrant issued.

2

The defendant appeared with counsel, Richard Smith-Monahan, Esq. before this Court for a Supervised Release Violation Hearing on November 16, 2005. The Court, being fully advised from the information contained in the Probation Violation Report, evidence adduced and statements made at said hearing, finds the defendant has violated:

1) the Condition of Supervised Release that the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance;

2) the Condition of Supervised Release that the defendant notify the Probation Officer within 72 hours of being arrested or questioned by a law enforcement officer;

3) the Condition of Supervised Release that the defendant refrain from the excessive use of alcohol and narcotic and controlled substances;

4) the Condition of Supervised Release that the defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer;

5) the Condition of Supervised Release that the defendant report to the Probation Officer as directed by the Court or Probation Officer, and shall submit a truthful and complete written report within the first five days of each month;

6)the special Condition that defendant participate in a program for substance abuse treatment; and

7) the special Condition that defendant participate in and successfully complete mental health treatment.

Pursuant to the policy statement at U.S.S.G. § 7B1.1(b), where there is more than one violation of the conditions of supervision, or where the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. These violations are Grade C in nature pursuant to the policy statement at U.S.S.G. § 7B1.1(a)(3) because they include law violations with maximum penalties of 12 months or less and violations of conditions of supervision.

Pursuant to the policy statement at U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may revoke the sentence of supervised release or extend the term of supervised release and/ or modify the conditions of supervision.

Pursuant to Title 18, U.S.C. § 3583(g)(3), revocation is required for failing to comply with drug testing requirements.

Pursuant to the policy statement at U.S.S.G. § 7B1.4(a), in the case of a revocation of Supervised Release, based upon a Grade C violation and the original Criminal History Category of IV, the guideline imprisonment range is 6 to 12 months.

Pursuant to the policy statement at U.S.S.G. § 7B1.3( c)(1), if the minimum term of imprisonment for a supervised release violation is not more than 6 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for any portion of the minimum term.

Pursuant to the policy statement at U.S.S.G. § 7B1.3, any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation should be ordered to be paid or served, in addition to the sanction determined under the policy statement at U.S.S.G. § 7B1.4.

Pursuant to Title 18, U.S.C. § 3553, among the factors to be considered in imposing sentence are:
1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
2)  the need for the sentence imposed-
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
( C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;

4

(4) the kinds of sentence and the sentencing range established.

Based upon these factors and the statements and updated recommendations made during the hearing, the Court finds that a reasonable sentence is one within the sentencing guideline range.

Pursuant to Title 18, U.S.C. §§ 3583 and 3553, therefore,

**IT IS ORDERED** that defendant Ricardo Lee's Supervised Release be **REVOKED** and the defendant be **COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS FOR A PERIOD OF NINE (9) MONTHS** and, following incarceration, shall serve a term of **ONE (1) YEAR of SUPERVISED RELEASE** under the following conditions:

> (1)    the defendant shall not commit another Federal, state or local crime;

> (2)  the defendant is prohibited from possessing a firearm or other dangerous weapon;

> (3)  within 72 hours of release from incarceration, the defendant shall report to the Probation Office in the district to which he is released;

> (4)  the defendant shall refrain from the unlawful use of controlled substances and submit to one drug test within 15 days of being placed on Probation, and at least two other periodic drug tests thereafter as determined by the Probation Officer;

> (5)  the defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol;

5

(6) the defendant shall participate in and successfully complete mental health treatment as directed by his United States Probation Officer; and

(7) the defendant is ordered to pay any balance owed on the fine.

**THE DEFENDANT IS FURTHER ORDERED TO ABIDE BY THE FOLLOWING STANDARD CONDITIONS OF PROBATION/SUPERVISED RELEASE FOR THE SOUTHERN DISTRICT OF OHIO:**

(1) the defendant shall not leave the judicial district without permission of the court or probation officer;

(2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) the defendant shall support his or her dependents and meet other family responsibilities;

(5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

6

(7) the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

(8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

(9) the defendant shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) the defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

7

The defendant shall pay the balance due on the fine originally ordered which is due immediately.

The defendant is remanded to the custody of the United States Marshals.

Both parties are notified by this Court that each of you have a right to appeal this sentence, and if you are unable to pay the cost of an appeal, you have the right to apply to this Court for leave to proceed in forma pauperis. If you are indigent and cannot retain a lawyer, you may apply and one will be appointed to represent you on your appeal.

You are further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the Clerk of the United States District Court within 10 days of the filing of judgment which will be filed on November 17, 2005. **Ten calendar days from the filing of the judgment is November 28, 2005.**

The Court does hereby advise you that if you so request, the Clerk of this Court will prepare and file forthwith a notice of appeal on your behalf. It is further ordered that the defendant shall notify the United States Attorney for the Southern District of Ohio within 30 days of any change in residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

**IT IS SO ORDERED.**

Herman J. Weber, Senior
United States District Judge
11 / 17 / 05
Date