IN THE UNITED STATES DISTRICT COURT

SOUTHERN OHIO

FILED
JAMES BONINI
CLERK

05 NOV 17 PM 2:48

UNITED STATES OF AMERICA

    Plaintiff

CASE NO. 1:02 cr 077

(J. Webber)

V.

RICARDO LEE

    Defendant

MOTION TO REQUEST SENTENCING GUIDELINES BE FOLLOWED ACCORDING TO THE LAW

Now comes the defendant, Ricardo Lee, pro'se who does hereby respectfully moves this honorable court for an order on sentencing the defendant on a probation violation class C violation, according to the established recommended statutory guideline as required by law.

The defendant further hereby request that this court would not hold the pro'se defendant to the same degree and pleadings of a licensed attorney. A memorandum is attached in support of the defendants motion asking this court to just follow the guidelines on sentencing, and _not_ go _over_ the recommended guideline as the defendants probation officer is recommending this court to do based on an accumulation of minor infractions.

Respectfully Submitted

Ricardo Lee Pro'se

(1)

<u>DEFENDANTS MEMORANDUM IN SUPPORT OF HIS MOTION REQUESTING THAT THIS COURT FOLLOW THE RECOMMENDED SENTENCING GUIDELINES AS REQUIRED BY LAW AND NOT RESORT TO A UPWARD DEPARTURE FROM THE STATUTORY GUIDELINE ACCORDING TO THE LAW AND THE U.S CONSTITUTION</u>

As the record in this case clearly reflect your honor there are various issues in this probation violation case that cant be over looked as a matter of safegaurding the defendants minimum constitutional rights of Due process of law and Equal protection of the law.

The defendant Ricardo Lee has been cited by this district court for Supervised release violations of a minor degree <u>Class C violation</u> according to the statutory rules of U.S probation, as governed by law.

Mr. Frommeyer lists 7 rules that the defendant is accused of violating. <u>None of which are not serious in criminal nature</u>. Most of the violations listed by Mr Frommeyer are of the same behavior nature and chosen to be written as constituting many violations when in true nature one behavior misconduct should be listed as one violation of one rule. And not one violation resulting in a violation two or more probation rules. Which Mr. Frommeyer is recommending this court to over punish the defendant with total disregard of the

(2)

defendants mental health status condition of being Bipolar and Schitozophranic as its well documented by the U.S probation department and the Social security administration.

The defendant has been taking prescribed medications for his mental illness since 1991. Where the record clearly reflects that the defendant suffers from exstreme depression, & mood swings which in turn has caused the defendants behavior at times to be irresponsible and erratic at most, But not to such a degree that this court should go out of the recommended sentencing guideline of <u>6 to 12 months</u> under a <u>Category 4 violator</u>, for a minor <u>class C violation</u> as Mr. Frommeyer is asking this court to do. Which in essence Mr. Frommeyer of the U.S. Probation department is asking that this court over sentence the defendant to 18 months of incarceration, 6 months over the recommended statutory guideline established by the U.S. sentencing commission, because Mr. Frommeyer feels that the defendant is out of control of what these established guidelines are meant to accomplish. So Mr. Frommeyer is asking this court to ignore established policy and procedure and ignore the defendants need for <u>further treatment</u> and supervision and, over sentence, and over punish the defendant then release the defendant back into society with <u>NO</u> follow up term of supervised release to monitor the defendants behavior and mental health status. Mr. Frommeyer is recommending that <u>this court would give up on trying to rehabilitate the defendant</u>

(3)

a process that this federal government has undertaken since the date that the defendant was charged and convicted and sentenced under federal law.

The defendant doesn't dispute that he has had lapses of properly taking his medication as prescribed by his phsychiatrist, but this behavior amounts to mere negligence by the defendant, and not criminal as Mr. Frommeyer is leading this court to believe. In fact there has been no indication that anyone not even the mother of the defendants child (Theresa Dudley) has been seriously victimized or continue to suffer as a result of the defendants probation violation conduct.

The goal of this court should be to <u>preserve</u> the possibility of treating and rehabilitating the defendant by any means available since its obvious that there are real mental health issues involved. And the defendant agrees to meet the probation department halfway in following his required mental health treatment including most importantly taking his medication as prescribed by his psychiatrist

The defendant <u>doesn't deny</u> having a difficult relationship with the mother of his child Theresa Dudley at times. But the defendant and Theresa Dudley have tried on several ocassions to reconcile thier friendship for the benefit of thier child Miracle Lee who is now 9 months

(4)

of age. So for this court to resort to an <u>upward departure</u> and sentence the defendant to <u>18 months</u> in prison, as opposed to sentencing him according to the guideline applicable to the defendant based on his alleged conduct <u>6 to 12 months</u> maximum would serve no necessary purpose, and sentencing the defendant to anything over the guideline of a <u>Category 4, Class C violation</u> would undermine the goal and purpose of the sentencing guidelines that are in place to not only safeguard a defendants constitutional rights to due process, equal protection of the law and fairness, but to serve the better means of implimenting the appropriate court disposition.

    Mr. Frommeyer is also asking that this court would seperate the defendant from his right to being a supporting parent to his infant daughter, and to incorcerate him for an extensive amount of time then put him back into society with no follow up treatment or supervision based on minor misdemeanors and missed appointments, and neglecting to properly taking his prescribed meds.

    According to record by the U.S. probation department the defendant has a substance abuse problem. But this also is not criminal. Drug addiction is an illness and is a treatable and cureable illness. The defendant admits that he has resorted to drug abuse while on supervised release as a result of failing to cope with the stress and uncertainty of his relationship with the mother of his child Theresa Dudley however this abuse shouldnt

(5)

be classified or amount to criminal behavior punishable by 18 months in prison 6 months over the statutory guideline.

So for the following substantial reasons the defendant request that this court would follow the recommended and applicable sentencing guidelines according to the law and United States Constitution;

1) The defendants original sentence was ___ months in prison and 3 years supervised release;

2) The defendant has completly served his original sentence, and has completed successfully 23 months of a 36 month term of supervised release;

3) The defendant has had a great deal of success while on supervised release which Mr. Frommeyer doesn't document in any of his reports;

4) The defendant has significant and still existing family ties in the community;

5) According to the applicable statutory guidelines in this case governing a violators behavior of the terms of his supervised release the defendant Ricardo Lee falls within the guideline of <u>a criminal history category 4</u>, <u>Class C violation</u> and <u>6 to 12 months</u> as the applicable sentence according to law;

6) At the conclussion of the defendants original sentence in 2003 he was never placed into a halfway house;

7) The defendant is diagnosed with bipolar disorder and schitzophrenia mental illnesses. Behavior associated with these mental illnesses are severe mood swings and sometimes erractic and irrational behavior treatable by various phsychotropic medications;

8) The defendant is diagnosed by the social security administration as being disabled due to his mental illness. And the defendant see's a psychiatrist regularly who prescribes medication to the defendant. The defendant recieves social security disability of $579.00 per month;

9) The defendant did in fact take his prescribed medications for his mental illness, but at times he did not take his meds as prescribed by the number of times he was supposed to take meds per day; this behavior shouldn't constitute revocation, but only more more attentiveness;

10) The defendant agrees and promises from this point on to take his phsych meds as prescribed give urine screens as ordered and refrain from any violation of the terms of his supervised release

(7)

11) The United States and Mr. Frommeyer are asking this court to impose a sentence on a technical probation violation which would exceed the defendants original sentence from which the supervised release derived which is ludicrous considering the fact that the defendants original sentence was 18 months for possessing a firearm. Now the United States and Mr. Frommeyer are asking this court to implement punishment of 18 months in prison for a minor Class C violation, over the required guideline of 6 to 12 months for not reporting various misdemeanor arrests, being around the mother of his child who is not a convicted felon, failing to report minor misdemeanors which some where dismissed or reduced to simple fines equivalent to a traffic ticket, not taking his medications properly. The United States and Mr. Frommeyer are asking this federal district court to double the punishment that the defendant allready has been punished for by the lowest court in the state (Municipal Court), ignore the defendants need for treatment and anger management classes, then put the defendant back into society with no after care or supervision for his mental health issues. Which is totally against what rehabilitation and treatment is meant to accomplish, and does not comply with the 6th amendment of the United States Constitution;

12) Furthermore Mr. Frommeyer is recommending this court impose a prison sentence above the standard

(8)

guideline range without compelling reasons justifying an exceptional sentence. Established case law supported by the United States Constitution requires that Law must not exceed the judicial estimation of the proper role of the court in imposing an exceptional sentence. And in cases where an exceptional sentence is imposed the court must set forth findings of fact and conclusion of law.

The United States supreme court held that its court and reviewing courts will reverse a sentence if it finds that under a clearly erroneous standard there is insufficient evidence in the record to support the reasons for imposing an exceptional sentence outside of the guideline range.

Whats the purpose of having sentencing guidelines and rules if thier not going to be followed. If a individual on supervised release has to follow rules, regulations and guidelines implemtented by the goverment, then why should'nt the government have to follow the rules, regulations and guidelines that thier sworn to uphold in a given situation where an individual is facing the prospect of being punished by the government for violating those rules regulations and guidelines.?

## RELIEF REQUESTED

A) The defendant Ricardo Lee request that this court would not depart upward outside of the statutory guideline for sentencing the defendant as

(9)

a supervised release violator;

B) The defendant request that this court not go outside the guideline of classing the defendant as a criminal history category 4 violator, under class C as prescribed by law which this court only be permitted to impose a 6 to 12 month sentence in prison. Whereby the defendant requests that this court sentence him to the minimum term of 6 months imprisonment if this court deems it necessary to imprison the defendant at all for violating the terms of his supervised release;

C) The defendant request that this court would take into consideration his mental illness and not overlook his mental illness as Mr. Frommeyer is recommending, then order the defendant placed into a halfway house for a period satisfactory to this court in order to secure the stability of the defendant returning into society as a productive citizen once its determined that the defendant is taking his psych meds as prescribed. This includes regular mandatory urine screens, mandatory mental health counseling, and a new term of supervised release determined in legnth by the judgement of this court which would require the defendant to report to a United States probation officer regularly to monitor and supervise the defendants behavior and mental health and anger management programing counseling

The defendant for ever prays that this would grant the relief requested according to the law and the administration of Justice, and furthermore safegaurd the defendants constitutional rights under the 6th and 14th amendments of the U.S. Constitution.

Respectfully submitted,

*Ricardo Lee*

Ricardo Lee (Pro'se)
P.O. Box 898
Burlington, KY 41005

## PROOF OF SERVICE

I Ricardo Lee the defendant in Pro'se respectfully serves a true and accurate copy of the attached Motion requesting the sentencing guideline be followed according to the law, was hand delivered by V.IA U.S postage to the U.S Attorney and Mr. Fromoreyer on this 9th day of November 2005

*Ricardo Lee*

Ricardo Lee (Pro'se)
P.O. Box 898
Burlington KY 41005

(11)