07 APR -4 PM 12:52

United States of America

Plaintiff

vs

Ricardo Lee

Defendant - Pro'se.

Case NO 1:02CR00077

Judge Honorable H.J. WEBER

MOTION FOR COURT ORDER
PERMITTING DEFENDANT TO
BE HOSPITALIZED AND OR TREATED
IN A LOCAL TREATMENT CENTER
OR HOSPITAL

Defendant Ricardo Lee in pro'se respectfully petitions this court for an order considering Local placement in a Hamilton County, Cincinnati Ohio area treatment center /and/or hospital as opposed to placement into custody of Bureau of Prisons custody for the purposes treating the defendants mental illness and substance abuse treatment. Based on The following substantial reasons in the attached Memorandum in Support

Respectfully submitted

*Ricardo Lee*

Ricardo Lee Pro'se
900 Sycamore St
Cincinnati, Ohio 45202

(1)

1) Defendant was released from B.O.P on July 28, 2006 and to begin to serve 1 year supervised release

It is well documented by this court that the defendant suffers from bipholar disorder severe mood swings and depression

This court order mental health and substance abuse counseling after care treatment once the defendant was released on July 28, 2006.

Mr. Frommeyer was the defendants P.O and Mr Frommeyer gave instructions for the defendant to attend appointments at Ikron for mental illness treatment.

The defendant demonstrated good behavior up until Oct 6, 2006 where he was attempting suicide while operating a motor vehicle, and as a result the defendant was hospitalized in U.C. psych emergency for 72 hours. As a result of the incident the defendant was charged with (D.W.I refusal) because the defendant refused to allow authorities to puncture him with needles to draw blood in order to see was the defendant under the influence of if any substance or alcohol at all. But the defendant did agree to a breathalizer which hospital officials declined to do and assisted on drawing blood from the defendant against his will, because he didn't want to be punctured by needles and the threat of H.I.V. So since the defendant refused to be punctured by needles he was charged with refusing to be tested for possible alcohol or drugs in his system at the time of the suicide attempt. But the defendant contends that he was not guilty and was not under the influence of anything at the time of suicide attempt and this not guilty plea is still pending in the Hamilton County municipal court. So there is

(2)

No D.U.I or D.W.I conviction at this time.

2) The defendant admits to this court that he has had episodes of depression, worthlessness and the world coming down on his shoulder do to Mr. Frommeyer and no one else giving him credit or acknowledging anything possitive or right that the defendant has accomplished while on supervised release. So this did in fact lead to the defendant relapsing. Although the record should reflect that the defendant did in fact NOT test possitive for cocaine on Nov. 17, 2006 and challeged this false possitive test.

#3) Mr. Frommeyer did in fact intially give the defendant permission to see the mother of his child Theresa Dudley based on thier troubled past. But after several visits to Mr. Frommeyer the defendant explained how theresa was beginning to stress him a little bit again, So Mr. Frommeyer did in fact order the defendant in Oct of 2006 to stay away from theresa Dudley. And to be honest with the court the defendant did not stay away from Theresa and theresa had no objections to me coming around to see my child. And if Theresa Dudley didnt want the defendant around and felt that he was a threat to her theresa never petitioned any court for a restraining order which would've clearly solidified Any fact of her alleged fear as the defendant as Mr. Frommeyer alleges. Yes the defendant did tell Mr. Frommeyer that sometimes he didnt trust Theresa but this was nothing serious enough to warrant the defendant being placed into federal prison B.O.P custody because the defendant accused several other

People of the same paranoid thoughts as he did theresa. And this paranoid behavior is not criminal at all

4) The record should reflect at this time that Theresa Dudley is coming to court and is willing to testify or submit a sworn statement or Affidavit that she is scared of the defendant, and that the defendant poses no threat to her what so ever, and that she loves and cares about the defendant.

5) Finally the defendant did ask permission from Mr. Frommeyer to see Theresa Dudley and to live with her until the term of his supervision was nearly over in July 2007 under various terms and conditions. So Mr. Frommeyer said that he needed for me to bring Theresa Dudley into his office on the date of March 6, 2007 so that Mr. Frommyere could talk to her in person to make sure that it was ok with Theresa. But a warrant was issued on March 6, 2007 before Theresa could ever make it to his office that day

6) The defendant did successfully graduate and complete a 7 week course program at Diamond Oaks tech school and did recieve a certificate in Residential landscaping and design which Mr. Frommeyer has on file.

7) The defendant did enroll recently into a program at the Cincinnati Urban League for Training Minority buisness Owners to get their own buisness started with the program director name D. Anderson

8) The defendant contends that he attended most of his scheduled counseling appointments, and if he couldn't

(4)

attend he did reschedule and call into Ikron and crossroads.

9) The defendant states that when ever he needed to be excused from Ikron appointments early, he respectfully asked Dr. Munster for permission and never just walked out disrespectfully

10) The Greater Cincinnati area offers various in patient and out patient psychiatric and substance abuse treatment centers that are well equipped to handle and treat the defendant successfully getting him stablized, But Mr. Frommeyer is seeking to have the defendants real sensitive needs for minor treatment over looked by seeking treatment inside of a federal prison labled as "Hospitals" to treat mentally ill inmates who are confined for a significant amount of time in prison. Which in esscence means the U.S. Attorney is seeking to have the defendant by request of Mr. Frommeyer locked up in prison to be given medication as opposed to seeking local hospitalization which is against what treatment needs that the defendant has which is pure punishment and an attempt to camaflogue putting the defendant in prison and calling it treatment as opposed to placing him into local treatment facilities not outside Hamilton County

11) The B.O.P is equipped to treat mentally inmates but under these circumstances the defendant

(5)

has not done anything criminal with the exception of hurting or attempting to hurt himself, and because the defendants term of supervised release expires on July 28 2007 this court should not utilize or waste the resources of the U.S. Government Prison system, by housing him hundreds of miles away from his family to be administered medication in a study. Which will surely deterriorate the defendants family ties and living placement in the community. If placed in a local treatment facility the defend will enjoy the benefit of contact, visits and support from close relatives and his children. If the defendant is placed in B.O.P custody he will not enjoy the benefit of family support and visits to help maintain his mental stability and focused to be cured.

    So respectfully the defendant prays that this court would consider local treatment as opposed to locking him up in federal prison depriving him of his liberty for illnesses

Respectfully submitted

*Ricardo Lee*

Ricardo Lee   Pro'se
900 Sycamore St
Cincinnati, Ohio 45202

(6)

## PROOF OF SERVICE

I, Ricardo Lee do hereby state that a true copy was hand delivered to the U.S. Attorney office on this 31st day of March 2007

Respectfully submitted

*Ricardo Lee*
Ricardo Lee Pro Se
#124891
1000 Sycamore St
Cincinnati Ohio 45202

(7)