UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:02-CR-077 |
| | : | |
| Plaintiff, | : | Senior Judge Weber |
| | : | |
| v. | : | **GOVERNMENT'S RESPONSE TO** |
| | : | **DEFENDANT RICARDO LEE'S** |
| | : | **MOTION FOR COURT ORDER** |
| RICARDO LEE, | : | **PERMITTING DEFENDANT TO BE** |
| | : | **HOSPITALIZED AND OR TREATED** |
| Defendant. | : | **IN A LOCAL TREATMENT CENTER** |
| | : | **OR HOSPITAL** |
| | : | |

Comes now the United States, through counsel, and responds to Ricardo Lee's Motion for Court Order Permitting Defendant to be Hospitalized and or Treated in a Local Treatment Center or Hospital. (Doc. 55). For the reasons set forth below, this Court should deny the motion.

## I. INTRODUCTION

On April 4, 2007, the defendant filed a pro se motion seeking an order of the Court that would permit him to be psychiatrically examined and treated at a local facility instead of a Federal Medical Center designated by the Bureau of Prisons. As explained below, this Court should deny the defendant's motion for two reasons. First, this local area does not have a inpatient mental health treatment facility that could examine and treat the defendant as needed. Second, the defendant has not demonstrated the ability to follow through with outpatient treatment.

## II. STATEMENT OF THE CASE

Defendant Ricardo Lee is charged with violating the Conditions of Supervised Release, a

violation of 18 U.S.C. § 3583, pursuant to a felony conviction for the commission of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At the time of his arrest, the defendant was not taking his psychiatric medications as prescribed, and he was not attending mental health treatment appointments as required. On March 7, 2007, during his initial appearance, defendant Ricardo Lee exhibited behavior which suggested that he may be suffering from a mental disease or defect. Therefore, the United States filed a motion requesting that the defendant be psychiatrically examined at a Federal Medical Center, designated by the Bureau of Prisons, pursuant to 18 U.S.C. § 4241(a). (Doc. 52). On March 19, 2007, Magistrate Judge Timothy S. Hogan granted the United States' motion for a psychiatric exam. (Doc. 54). Defendant Ricardo Lee did not object at that time.

### III.  ARGUMENT

Defendant Ricardo Lee asks this Court to permit him to be psychiatrically examined and treated at a local facility instead of a Federal Medical Center designated by the Bureau of Prisons. Defendant Lee makes this request even though he agreed, on March 19, 2007, to the designation at a Federal Medical Center. The defendant has not provided the Court with the name of a local inpatient mental health treatment facility that could examine and treat him as needed; the United States is unaware of an inpatient facility.

Ikron, Inc., for example, only has outpatient mental health treatment services. University Hospital will admit a patient on the basis that the patient poses a risk of hurting oneself, but the hospital releases the patient within 72 hours. The U.S. Probation Department could contract with a psychiatrist to assess the defendant at the Hamilton County Justice Center, but this option is a poor choice for the defendant. A contract psychiatrist would not supervise the defendant to

ensure that he is taking his medications, the psychiatrist would not evaluate the defendant's progress, and this option would be more expensive than the Federal Medical Center.  Under this circumstance, the psychiatrist would merely perform the assessment of the defendant at the Hamilton County Justice Center and leave.

Further, the defendant repeatedly has demonstrated that he is not a good candidate for outpatient mental health treatment.  Since the time of his release from Bureau of Prisons, the defendant has not attended mental health treatment appointments as directed by his probation officer, he has failed to take his psychiatric medications as prescribed, and he has continued to use cocaine to the detriment of his mental stability.  (Doc. 47).

Here, evaluation and treatment at a Federal Medical Center is the best option for the defendant.  The defendant states that his bipolar disorder, severe mood swings, and depression are well-documented with this Court.  (Doc. 55, at ¶ 1).  However, the defendant also has experienced hallucinations, which may be an indication the defendant suffers from other mental illness.  Thus, it is unknown what the defendant's actual diagnosis is now.  A Federal Medical Center has a psychiatrist in the facility who is equipped to conduct a new study of the defendant, provide a lengthy regiment of medications to stabilize the defendant, and monitor the defendant's progress.

Therefore, Magistrate Judge Hogan correctly ordered that defendant Ricardo Lee be committed to the Federal Medical Center designated by the Bureau of Prisons.  (Doc. 54).

## IV. CONCLUSION

For the above-stated reasons, the United States respectfully requests that this Court deny the defendant's motion.

        Respectfully submitted,

        GREGORY G. LOCKHART
        United States Attorney


        s/Deborah D. Grimes
        DEBORAH D. GRIMES (0078698)
        Assistant United States Attorney
        221 East Fourth Street
        Suite 400
        Cincinnati, Ohio  45202
        (513) 684-3711
        Fax:  (513) 684-6385
        Deborah.Grimes @usdoj.gov


## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Government's Response to Defendant Ricardo Lee's Motion for Court Order Permitting Defendant to be Hospitalized and or Treated in a Local Treatment Center or Hospital was served this 24th day of April, 2007, electronically on: Richard Smith-Monahan, Attorney for defendant Ricardo Lee.

        s/Deborah D. Grimes
        DEBORAH D. GRIMES (0078698)
        Assistant United States Attorney