UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                              CR-1-02-077

RICARDO LEE,

    Defendant.

## ORDER

This matter is before the Court upon defendant's *pro se* Motion for Court Order Permitting Defendant to be Hospitalized and/or Treated in a Local Treatment Center or Hospital (doc. no. 55), *pro se* Motion to Modify or to Terminate Supervised Release Term (doc. no. 57), and *pro se* Motion to Deny United States or Bureau of Prisons Director an Extension of Time to Complete a 30-day Psych Evaluation (doc. no. 58); and the Government's Responses thereto (doc. nos. 56 and 59).

Defendant was originally sentenced on September 26, 2002 to a sentence of 18 months imprisonment to be followed by 3 years of supervised release. He was released to supervision on October 31, 2003. Violation reports were filed on June 3, 2004, November 18, 2004 and March 30, 2005, recommending no action be taken. On September 29, 2005 a Violation Report was filed for several violations of the law, failure to report them, positive drug tests, failure to follow instructions of the Probation Officer, failure to participate in substance abuse programs, and failure to participate in and successfully complete mental health treatment. In it, the Probation Officer recommended revocation. On November 17, 2005, the Court revoked defendant's

1

supervised release and sentenced the defendant to imprisonment for 9 months on these infractions to be followed by 1 year of supervised release, with conditions requiring drug and mental health treatment. Defendant was released on July 28, 2006.

On October 25, 2006 and February 1, 2007, Reports were filed concerning the current violations recommending no action. On March 6, 2007, a Violation Report was filed claiming defendant had violated the conditions of his supervised release by 1) committing a new offense, 2) not taking his psychiatric medications, and 3) not attending mental treatment appointments . During his initial appearance on March 7, 2007, the Magistrate Judge granted the Government's motion for mental exam based primarily upon his demeanor. Defendant was transported to the Federal Medical Center at Devens.

Defendant asks the Court to consider local treatment as opposed to locking him up in federal prison and "depriving him of liberty for illnesses". Defendant contends that his placement in a federal facility "is pure punishment and an attempt to camaflogue [sic] putting the defendant in prison and calling it treatment". He claims he has done nothing criminal "with the exception of hurting or attempting to hurt himself". The defendant admits that it is well-documented that he suffers from bipolar disorder, severe mood swings, and depression. After his release in July 2006, he received mental illness treatment and did, in fact, demonstrate good behavior until October, 2006, at which time he wrecked a car attempting suicide. He argues that housing him far away "will surely deteriorate the defendant's family ties and living placement in the community". The Government responds that it is not aware of a local inpatient facility that could examine and treat him as needed. Even if there were a local outpatient facility available, it argues that the defendant has demonstrated he is not a good candidate for outpatient treatment.

2

The government contends that only a Federal Medical Center has a psychiatrist at the facility who is equipped to conduct a new study of the defendant, provide a lengthy regiment of medications to stabilize the defendant, and monitor the defendant's progress.

The defendant was committed pursuant to Title 18, U.S.C. 4241 which allows the Government to file a motion for a hearing to determine the mental capacity of the defendant at any time after the commencement of supervised release and prior to the completion of the sentence. The Magistrate Judge granted the United States' Motion based upon reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court finds the Magistrate Judge's commitment of the defendant was justified and that only a Federal facility is appropriate in this case to fulfill the goals of the commitment. Accordingly, the defendant's Motion (doc. no. 55) is **DENIED**.

In his second motion, defendant moves the Court for an Order terminating his term of supervised release and discharging him from custody. He argues that it "serves no means of justice". In response to this Motion, the Government contends that it is still necessary to determine the mental state of the defendant and to resolve the alleged violations of supervised release.

The Court agrees with the Magistrate Judge that it is in the interest of justice, and in his own interest, that the defendant be evaluated as originally ordered. His supervised release could not be terminated in any event as he has outstanding supervised release violation allegations. The Court reminds the defendant that these violations subject him to possible incarceration, just

as much as a new criminal charge would. In fact, this is one of the reasons it is necessary to determine the defendant's competence to assist in his own defense. Accordingly, the Motion (doc. no. 57 ) is **DENIED.**

In his third motion, defendant asks for an Order of the Court denying the government an extension of time to complete the exam, past the 30 days anticipated by the statute. Pursuant to Title 18, Section 4247(b), a psychiatric evaluation was ordered which does call for the examination to be completed and a report to be filed within 30 days. The Court has received confirmation from the Warden at the Federal Medical Center at Devens that the defendant's forensic evaluation report was completed within thirty days, his schedule is in compliance with the statute, Title 18 U.S.C. § 4247(b), and no extension is necessary.

The Motion (doc. no. 58) is rendered **MOOT AND DENIED.**

**IT IS SO ORDERED.**

Herman J. Weber, Senior
United States District Judge

4